IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

    **Plaintiff,**

    v.                                            CASE NO. 20-3187-SAC

**LAURA KELLY, et al.,**

    **Defendants.**

**O R D E R**

Plaintiff, James C. Strader, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, brings this civil rights case against Laura Kelly, the Governor of the State of Kansas; J. Colyer, Ex-Governor of the State of Kansas; Sam Brownback, Ex-Governor of the State of Kansas; James Comey, Ex-FBI Director; Blackwater USA; Donald Raymond; Derek Schmidt, Attorney General of Kansas; and Donald Trump, U.S. President.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] Prior to filing the instant complaint on July 13, 2020, the court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Strader v. Reno County District Court*, Case No. 20-3001-SAC (dismissed for failure to state a claim on March 9, 2020) (Doc. 27) (D. Kan.); *Strader v. Werholtz*, Case No. 19-3102-SAC (dismissed for failure to state a claim on October 4, 2019) (Doc. 61) (D. Kan.), *appeal dismissed*, Case No 19-3242 (appeal dismissed as frivolous) (10th Cir. Dec. 30, 2019).

Plaintiff's allegations in his Complaint, which are largely incomprehensible, claim that Defendants allowed an illegal investigation with Mind Dust Labs – Smart City Technology – Comey Industries with smart dust into the Kansas Department of Corrections and abridged his access to the courts. Plaintiff alleges that he was dosed with smart dust technology without a warrant or cause. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied.**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

3

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 10, 2020,** to submit the $400.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated July 15, 2020, in Topeka, Kansas.**

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U. S. Senior District Judge**